# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

IVAN RAY BEGAY,

     Petitioner,

v.                                                                Civil Action No. 3:09cv578

PATRICIA STANSBERRY,

     Respondent.

## MEMORANDUM OPINION

Petitioner Ivan Ray Begay, a federal prisoner proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition").[1] (Docket No. 1.) Begay moves the Court for an injunctive order directing the Bureau of Prisons ("BOP") to restore revoked good conduct time credits. (Pet. 1.) Respondent filed a motion to dismiss[2] (Docket No. 7) and appropriate *Roseboro*[3] notice (Docket No. 8), asserting that the Petition has become moot. Begay did not respond.

By Memorandum Order dated April 22, 2010, the Court converted Respondent's Motion to Dismiss to a motion for summary judgment. (Apr. 22, 2010 Mem. Order.) (Docket No. 11.)

---

[1] 28 U.S.C. § 2241 provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). "A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (citations omitted).

[2] Because Respondent submitted affidavits of Lynnell Cox and Curtis Hise in support of her motion to dismiss, the Court will treat the motion as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d).

[3] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

By letter dated April 27, 2010, Begay responded ("Letter Response"). (Docket No. 12.)

Respondent replied (Docket No. 13), and the matter is ripe for adjudication. The Court exercises

jurisdiction pursuant to 28 U.S.C. §§ 636(c) and 2241.

Because the Court finds the Petition moot, the Court will GRANT Respondent's motion

for summary judgment. (Docket No. 7.) Begay's Petition will be DENIED and the action

DISMISSED. (Docket No. 1.)

## I. Procedural and Factual Background

On September 17, 2001, the United States District Court for the District of Arizona

sentenced Begay to a 302-month term of imprisonment for aggravated sexual abuse occurring on

an Indian reservation. (Resp't's Mot. To Dismiss Pet. for Writ of Habeas Corpus & Mem. in

Supp. ("Resp't's Mem.") at 2.) (Docket No. 7.) On July 22, 2002, while incarcerated in

Arizona, Begay was admitted to John C. Lincoln Deer Valley Hospital, where he was diagnosed

with acute renal failure, hypovolemia, hematuria, hypercalcemia, and other specified gastritis.

(Pet. Ex. A, Admittance Record.) During his hospitalization, Begay was administered a total of

14 milligrams of morphine sulfate. (Pet. Ex. C ("Medication Record").) That same day, the

hospital drew a urine sample from Begay, which tested positive for the presence of opiates. (Pet.

Ex. E ("Specimen Inquiry").) On July 23, 2002, Begay was discharged from the hospital and

returned to the Federal Correctional Institution at Phoenix, Arizona ("FCI Phoenix."). (Pet. 4.)

On July 25, 2002, FCI Phoenix officials removed Begay from general population and

placed him in the special housing unit ("SHU"). (Pet. 4.) Begay contends this transfer to the

SHU resulted from a disciplinary report issued by FCI Phoenix officials because his urine tested

2

positive for the presence of opiates.[4] (Pet. 7.) On September 4, 2002, Begay was released from the SHU and placed back into general population. (Pet. 4.)

On or about May 1, 2008, Begay inquired about his custody status and received his first copy of the disciplinary report ("Incident Report No. 1013359"). (Pet. 5.) Incident Report No. 1013359, dated July 29, 2002, alleged Begay had tested positive for opiates and that the FCI Phoenix pharmacy had not prescribed Begay any medication that would have caused a positive result. (Pet. Ex. F.) The report based the allegation on the positive urine sample collected by the hospital on July 22, 2002. (Incident Report #1013359.) The Disciplinary Hearing Officer ("DHO") conducted a disciplinary hearing on August 5, 2002,[5] and found Begay had committed the prohibited act of using narcotics, and, among other sanctions, disallowed 41 days of good conduct time.[6] (Pet. Ex. H, 1-3.)

Begay unsuccessfully pursued administrative remedies. (*See* Pet. 5.) On September 2, 2009, Begay filed the instant Petition.[7] Begay alleges he is innocent of the charge of using illegal

---

[4] Begay contends he never received an incident report regarding the move. (Pet. 4.)

[5] According to the hearing report, Begay chose not to appear before the DHO. (Pet. Ex. H, 1.) Begay contends that he never waived his rights to appear and was never given the opportunity to offer mitigating evidence. (Pet. 7.) Begay also contends he never knew the DHO was conducting the hearing. (Pet. 7.) The Court need not consider this alleged procedural deficiency, however, because Begay has only asked the Court to order Respondent to expunge Incident Report No. 1013359 and restore his good conduct time credits. (Pet. 8.)

[6] Other sanctions imposed included disciplinary segregation for 30 days, loss of visiting privileges for 180 days, and restitution in the amount of $10,246.39. (DHO Report 2-3.) Begay does not challenge these sanctions in his instant Petition. Accordingly, the Court will not consider them.

[7] The Court considers a prisoner's habeas petition filed on the date he delivers his petition to prison authorities for mailing to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Begay placed his Petition in the prison mailing system on September 2, 2009. (Pet. 8.)

narcotics because he was given morphine sulphate during his stay at John C. Lincoln Deer Valley Hospital. (Pet. 8.) Begay moves the Court to order Respondent to expunge Incident Report No. 1013359 from his record and restore his good time credits. (Pet. 8.)

## II. Summary Judgment Standard

Summary judgment under Rule 56 is appropriate only when the Court, viewing the record as a whole and in the light most favorable to the nonmoving party, determines that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986), *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Once a party has properly filed evidence supporting the motion for summary judgment, the nonmoving party may not rest upon mere allegations in the pleadings, but must instead set forth specific facts illustrating genuine issues for trial. *Celotex*, 477 U.S. at 322-24. These facts must be presented in the form of exhibits and sworn affidavits. Fed. R. Civ. P. 56(c).

A court views the evidence and reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255. Whether an inference is reasonable must be considered in conjunction with competing inferences to the contrary. *Sylvia Dev. Corp. v. Calvert County*, 48 F.3d 810, 818 (4th Cir. 1995). Nonetheless, the nonmoving "party is entitled to have 'the credibility of his evidence as forecast assumed.'" *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990) (en banc) (*quoting Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)). Ultimately, the court must adhere to the affirmative

4

obligation to bar factually unsupportable claims from proceeding to trial. *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (*citing Celotex*, 477 U.S. at 323-24).

## III. Analysis

### A. Begay's Petition Is Moot

Respondent seeks to dismiss Begay's Petition as moot because he has received all relief he sought in this Petition. The Court lacks jurisdiction in the present case because the question has become moot. Article III of the Constitution requires that courts hear only "[c]ases" or "[c]ontroversies." *See* U.S. Const. art. III, § 2, cl.1. Accordingly, to sustain a court's jurisdiction, "it is not enough that a dispute was very much alive when suit was filed." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). Rather, "'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (*quoting Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974)).

In this case, Begay presents no "live" question which this Court can address. *See Powell v. McCormack*, 395 U.S. 486, 496 (1969). Incident Report No. 1013359 has been expunged from his record (*Compare* Resp't's Mem., Ex. 2 ("Hise Decl.") at Attach. 1, *with* Hise Decl. Attach. 2), and the 41 days of good conduct credits revoked by the DHO sanction have been restored (*Compare* Hise Decl. Attach. 3, *with* Hise Decl. Attach. 4).[8] Begay concedes that Respondent expunged Incident Report No. 1013359 from his record. (Letter from Ivan Ray Begay to the Honorable M. Hannah Lauck (Apr. 30, 2010) ("Letter Resp."), at 2-3.) The Court can offer no further relief. Accordingly, the Court will GRANT Respondent's motion for

---

[8] The order of restitution also appears to have been expunged. (*See* Resp't's Mem., Ex. 1 ("Cox Decl.") at Attach. 2 (showing no financial obligation totaling $10,246.39).)

summary judgment. (Docket No. 7.) Begay's Petition will be DENIED and the action DISMISSED WITH PREJUDICE. (Docket No. 1.)

### B. Begay's Letter Response Raises New Claims

In his Letter Response to the Court's April 22, 2010 Memorandum Order, Begay argues that he continues to suffer ill effects resulting from Incident Report No. 1013359. (*See* Letter Resp. 1-7.) Specifically, Begay contests his custody classification and argues that his incorrect classification, and subsequent incarceration in institutions for violent offenders, has retarded his rehabilitation. (Letter Resp. 1-5.) In addition, Begay alleges that staff members at FCI Petersburg, where he is now incarcerated, have committed various violations against him (Letter Resp. 6), and he challenges the DHO procedures resulting from a new, unrelated incident report that Begay received in February 2010 (Letter Resp. 5).

Begay cannot raise new claims in response to Respondent's motion for summary judgment. *Va. Cmty. Bank v. Fisher*, No. 3:09cv354, 2009 WL 4430282, at *8 (E.D. Va. Dec. 1, 2009); *see also Bridgeport Music, Inc. v. WM Music Corp.*, 508 F.3d 394, 400 (6th Cir. 2007) ("To the extent Bridgeport seeks to expand its claims to assert new theories, it may not do so in response to summary judgment or on appeal."); *White v. Roche Biomedical Labs., Inc.*, 807 F. Supp. 1212, 1216 (D.S.C. 1992) ("[A] party is generally not permitted to raise a new claim in response to a motion for summary judgment."). This is especially true here, where Begay failed to comply with any procedural rule when submitting such a response. For instance, this letter does not appear to have been served on opposing counsel. *See* Fed. R. Civ. P. 5. The Court cannot consider any additional ex parte claims Begay raises in his April 30, 2010 Letter Response.

## IV. Conclusion

Begay's Petition has become moot.  Therefore, the Court will GRANT Respondent's

motion for summary judgment.  (Docket No. 7.)  The Court will DENY Begay's Petition, and the

action will be DISMISSED WITH PREJUDICE.  (Docket No. 1.)

A appropriate Order shall issue.

It is so ORDERED.

/s/
M. Hannah Lauck
United States Magistrate Judge

Richmond Virginia
Date: 5-24-10